Jin v. Garland

BIA
Wright, IJ
A205 614 849

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of July, two thousand twenty-three.

PRESENT:
> PIERRE N. LEVAL,
> RICHARD J. SULLIVAN,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

ZHENGXUN JIN,
> *Petitioner*,

v.                                                    21-6334
                                                      NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Mike P. Gao, Esq., Law Offices of Mike P. Gao, P.C., Flushing, NY.

FOR RESPONDENT:          Brian Boynton, Acting Assistant Attorney General; John S. Hogan, Assistant Director; Christina R. Zeidan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zhengxun Jin, a native and citizen of the People's Republic of China, seeks review of a May 17, 2021 decision of the BIA affirming an October 3, 2018 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). In re Zhengxun Jin, No. A 205 614 849 (B.I.A. May 17, 2021), aff'g No. A 205 614 849 (Immigr. Ct. N.Y.C. Oct. 3, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have considered both the IJ's and the BIA's decisions "for the sake of completeness." Huo Qiang Chen v. Holder, 773 F.3d 396, 403 (2d Cir. 2014) (citation and quotation marks omitted). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. §1252(b)(4)(B); see also Paloka v. Holder, 762 F.3d 191, 195 (2d Cir. 2014) (reviewing factual findings for substantial evidence and questions of law de novo).

An asylum applicant like petitioner, who does not allege past persecution, has the burden to establish a well-founded fear of future persecution on account of "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. §1158(b)(1)(B)(i); see also 8 C.F.R. §1208.13(b). An applicant must both "present credible testimony that he subjectively fears persecution and establish that his fear is objectively reasonable." Ramsameachire v. Ashcroft, 357 F.3d 169, 178 (2d Cir. 2004). "Objective

2

reasonableness entails a showing that a reasonable person in the petitioner's circumstances would fear persecution if returned to his native country." Jian Xing Huang v. U.S. I.N.S., 421 F.3d 125, 128 (2d Cir. 2005). A "fear may be well-founded even if there is only a slight, though discernible, chance of persecution." Diallo v. I.N.S., 232 F.3d 279, 284 (2d Cir. 2000). But a fear is not objectively reasonable if it lacks "solid support in the record" and is merely "speculative at best." Jian Xing Huang, 421 F.3d at 129.

An applicant can show either "a reasonable possibility [that] he ... would be singled out individually for persecution" or a "pattern or practice" of persecution of a group of similarly situated people. 8 C.F.R. §§1208.13(b)(2)(iii), (iii)(A). Applicants claiming a fear of persecution absent evidence of past persecution "must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities." See Hongsheng Leng v. Mukasey, 528 F.3d 135, 143 (2d Cir. 2008).

The record does not compel a conclusion that petitioner's fear is objectively reasonable. Petitioner argues that Chinese officials will become aware of his Christian practice because he plans to attend unregistered family churches in China, which are subject to surveillance and raids by the government. He testified that he would be "under supervision by Communist entity[]" in China because of his religion, but he offered no specific evidence that he would be singled out for surveillance. Certified Admin. Record at 100. Petitioner submitted to the IJ the U.S. State Department's Country Report on Human Rights Practices for 2016 and International Religious Freedom Report for 2016.

These reports mention government surveillance of bishops and pastors of Christian churches, as well as surveillance of individuals such as human rights activists and lawyers, former political prisoners, publishers, booksellers, and foreign correspondents, for reasons unrelated to religion. The Human Rights report also mentions surveillance of the general public, but indicates that this is conducted "to monitor and intimidate political dissidents." Certified Admin. Record at 205. Neither report discusses surveillance of ordinary church members.

Petitioner also submitted two letters from his mother, in which she reported her own arrest in 2012 for attending a church and alleged that she knew of one other church that was raided in 2012. Her letters state that: (1) she was arrested by the Chinese police in June 2012 for attending a family church; (2) she was released the same day after paying a fine and submitting a "guarantee letter" promising not to attend family church; (3) she was required to check in monthly with local authorities, and when she did not, she would receive calls asking questions about her life and urging her to check in; and (4) the month after her arrest, another family church was raided by the police because one of its members was under surveillance, and all attendees were arrested. Petitioner argues that he will be in contact with his mother if he returns to China, and officials will learn that he attends an unregistered church "through the surveillance of his mother." Pet'r's Br. at 9.

The BIA did not err in concluding that petitioner failed to establish "a reasonable possibility" he would be singled out for persecution. 8 C.F.R. §1208.13(b)(2)(i)(B). The inference that petitioner would be identified by authorities through his mother is not

4

persuasive. Both the IJ and BIA considered his mother's letters and concluded that they did "not meet the [petitioner's] burden to show that authorities in China would become aware of his attending an underground church." Certified Admin. Record at 4; see also id. at 64–65. On this record, it was reasonable for the BIA to conclude that petitioner's fear of persecution for attending a church was speculative. See Jian Xing Huang, 421 F.3d at 129.

Similarly, petitioner failed to establish a pattern or practice of persecution of similarly situated Christians. See 8 C.F.R. §1208.13(b)(2)(iii)(A). When persecutory acts in the petitioner's country of nationality vary across regions, the BIA may require evidence specific to the petitioner's locality. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 165–66 (2d Cir. 2008) (finding no error in the agency's requirement that an applicant demonstrate a well-founded fear of persecution specific to his or her local area when persecutory acts vary by locality); see also Jian Liang v. Garland, 10 F.4th 106, 117 (2d Cir. 2021) (holding that applicant failed to meet burden where his evidence did not "speak[] to persecution occurring in [his] home province of Fujian[]"). Here, petitioner has failed to show a pattern or practice of prosecution in his locality, the Jilin Province.

Petitioner argues that the IJ failed to consider the reports' findings that unregistered churches are considered illegal and attendees are often arrested and detained in police raids. In addition to the 2016 reports submitted by petitioner, the IJ took administrative notice of the 2017 versions of the same reports. The 2017 Report on International Religious Freedom discusses incidents involving Christians in certain provinces, but the only reference to religious persecution in Jilin involved practitioners of Falun Gong. The agency did not err

in concluding that the only incidents in the record occurring in Jilin -- his mother's arrest in 2012 and the raid of another family church in 2012 -- did not establish a pattern or practice of persecution. See Jian Hui Shao, 546 F.3d at 160 (upholding BIA's decision that petitioner failed to establish a well-founded fear of persecution based on unattributed reports of forced sterilizations, absent evidence of the number or circumstances of such sterilizations).

In sum, petitioner has failed to demonstrate that his fear of persecution was objectively reasonable because he did not provide evidence that he would be singled out or that there is a pattern or practice of persecution of Christians in Jilin Province. Because he did not establish a well-founded fear as required to state an asylum claim, he necessarily failed to meet the higher standards for withholding of removal and CAT relief. See Lecaj v. Holder, 616 F.3d 111, 119–20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6